# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4152 | **DATE** | 4/13/2012 |
| **CASE TITLE** | United States of America vs. Roland Borrasi | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, defendant Roland Borrasi's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [1] is denied without an evidentiary hearing. The court declines to grant a certificate of appealability for the reasons stated in the Statement section of this order. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     On June 30, 2009, defendant Roland Borrasi was convicted in the Northern District of Illinois of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and Medicare fraud in violation of 42 U.S.C. § 1320a-7b. (Dkt. No. 1 ("Def.'s Mot.") ¶ 4.) He was sentenced to 72 months imprisonment. (*Id.* ¶ 3.) His conviction and sentence were upheld by the Seventh Circuit. *United States v. Borrasi*, 639 F.3d 774, 777 (7th Cir. 2011).

     Borrasi filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Borrasi contends that his sentence should be vacated because the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by failing to inform Borrasi that Mahmood Baig, a co-defendant and one of the government's witnesses, had a history of prescription drug abuse and mental health treatment. (Def.'s Mot. ¶ 12.) The government became aware of Baig's substance abuse and mental health treatment after the preparation of Baig's pre-sentence investigation report (the "Baig PSR"), (Dkt. No. 10, at 4; Dkt. No. 10, Ex. A.), which occurred sometime after Borrasi's trial. Minute Entry (Dkt. No. 118), *United States v. Baig*, No. 06 CR 916 (N.D. Ill. June 8, 2009).

     Section 2255 claims that are "not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, Borrasi failed to raise a *Brady* claim on direct appeal. *See Borrasi*, 639 F.3d 774. Borrasi argues that he failed to raise the issue because he did not become aware of Baig's substance abuse until the government filed a sentencing memorandum responding to the Baig PSR on February 3, 2010. Sentencing Memorandum (Dkt. No. 235), *United States v. Baig*, No. 06 CR 916 (N.D. Ill. Feb. 3, 2010). At that point, Borrasi had already filed a notice of appeal on December 21, 2009, and he was no longer able to raise his *Brady* claim before the district court. Accordingly, the *Brady* claim was not presented to the district court, and Borrasi thus contends that it was "jurisdictionally impossible" to raise the *Brady* claim on appeal. (Dkt. No. 14, at 2.)

     Borrasi is incorrect. Even assuming that the appellate court would have found Borrasi to have waived his *Brady* claim by not raising it in the district court (an unlikely occurrence, given that Borrasi had no reason

**STATEMENT**

to know of the violation while before the district court), the appellate court can "review claims under *Brady* raised for the first time on appeal for plain error." *United States v. Barker*, 467 F.3d 625, 629 (7th Cir. 2006). Borrasi's failure to raise his *Brady* claim on direct appeal thus prevents him from raising it here.

Moreover, even if Borrasi had not waived his *Brady* claim, it is without merit, because the information about Baig was not material. To succeed on a *Brady* claim, the defendant must show the evidence is "(1) favorable, (2) suppressed and (3) material to the defense." *United States v. Jumah*, 599 F.3d 799, 808 (7th Cir. 2010). "'[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.'" *Id.* (citation omitted). Here, the evidence at trial, including tape-recorded conversations in which Borrasi admitted his involvement in the fraudulent scheme, as well as the testimony of Borrasi's former employees and biller, corroborated Baig's testimony. Accordingly, impeaching Baig with evidence of his substance abuse and mental health treatment would have had marginal additional value, and almost certainly would not have changed the outcome of the trial.

Borrasi asserts that the additional evidence about Baig would have cast doubt on Baig's testimony about Borrasi's leading role in the conspiracy, of which there was little corroboration and which led to an enhanced sentence for Borrasi. (Dkt. No. 14, at 6.) In light of the corroboration of Baig's other testimony, which enhanced his credibiliy, however, it is not reasonably probable that the sentencing court would have disbelieved Baig's testimony about Borrasi's role in the conspiracy merely because of the evidence of Baig's substance abuse and mental health treatment. Borrasi has thus failed to show materiality, and his *Brady* claim fails.

Additionally, Borrasi's *Brady* claim likely fails for another reason. "The obligation to disclose exculpatory or impeaching information under *Brady* is limited to information which is then known to the government." *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997). Here, the government was unaware of Baig's substance abuse and mental health treatment before receiving the Baig PSR sometime after Borrasi's trial. The record does not reveal exactly when the PSR was available to the government. Nonetheless, it is likely that the PSR was available only shortly before the government revealed the information about Baig to Borrasi by filing its sentencing memorandum responding to the Baig PSR in the public record on February 3, 2010. The government thus likely complied with its obligations to timely report potentially exculpatory information to Borrasi, and there is no *Brady* violation.

The court thus determines that "the files and records of the case conclusively show that the prisoner is entitled to no relief," so no evidentiary hearing is necessary. 28 U.S.C. § 2255(b); *see Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010).

Moreover, the court declines to grant a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because Borrasi failed to make a "substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

*James F. Holderman*